# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DATARAM NARAIN, SHELLY NARAIN And KATELYN NARAIN | : : : | |
| Plaintifs, | : : | CIVIL ACTION NO.: |
| v. | : : | **JURY TRIAL DEMANDED** |
| OLIVER RHODEN, NEW PRIME, INC., JOHN DOES 1-5 and JOHN DOES 6-10 Defendants. | : : : : : | |

## NOTICE OF REMOVAL OF ACTION

Defendant, New Prime, Inc. by and through its attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully aver as follows:

1. On or around March 4, 2019, Plaintiffs commenced a civil action against defendants in Superior Court of New Jersey in Bergen County, New Jersey. See Exhibit "A" – Plaintiffs' Summons and Complaint.

2. The Summons and Complaint were received by defendant, New Prime, Inc., no earlier than March 15, 2019.

3. Upon information and belief, defendant Oliver Rhoden, has not been served with the Summon and Complaint.

4. Thus, this Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b).

5. This action satisfies the requirements for removal within the meaning of 28 U.S.C. §1332 in that:

    a) Plaintiffs' and Defendants' citizenships are diverse;

{00355656.DOCX}

1) Plaintiffs are residents and citizen of the State of Connecticut. According to the Complaint, plaintiff resides at 198 Devonshire Court, in Madison, Connecticut.

2) Defendants are citizens of a state other than Connecticut or New Jersey. Defendant, New Prime, Inc. is a corporation incorporated under the laws of the State of Nebraska with its principal place of business in Springfield, Missouri.

3) Defendant, Oliver Rhoden, is a resident and citizen of the state of North Carolina.

b) The amount in controversy exceeds $75,000, exclusive of interest and costs. In the Complaint, plaintiffs claim damages for the following:

> 9. As a result of Defendants' negligence and carelessness, the Plaintiffs were caused to sustain injuries in and about their bodies, and extremities, which injuries are or may be serious, severe and permanent within a reasonable degree medical certainty, and which injuries may include mental anguish; Plaintiffs may have been and may continue to be prevented from attending to their usual activities, duties, and occupations.
>
> 10. As a result of defendants' negligence, Plaintiffs have and may continue to suffer great physical pain and mental anguish.
>
> 11. As a result of Defendants' negligence, Plaintiffs have incurred and may continue to incur various medical expenses in and about an effort to cure Plaintiffs of the aforesaid injuries, and have outstanding medical bills that have not been paid and remain outstanding.

See Exhibit "A" – Plaintiffs' Complaint at paragraphs 9-11.

6. Therefore, a fair reading of the Complaint reveals that an amount in excess of $75,000 is at controversy in this suit.

WHEREFORE, defendant, New Prime Inc., respectfully requests that the above action now pending in the Superior Court of New Jersey in Bergen County, New Jersey, be removed therefrom to this Court.

>Respectfully submitted,
>
>SALMON RICCHEZZA SINGER & TURCHI, LLP
>
>By: /s/*Dawn Jennings*
>   Dawn L. Jennings
>   Jon Michael Dumont
>   123 Egg Harbor Road, Suite 406
>   Sewell, NJ 08080
>   (856) 354-8074
>   jdumont@srstlaw.com
>   djennings@srstlaw.com
>   *Attorneys for Defendants*

Dated: April 12, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal of Action was served on the below listed counsel of records via first-class U.S. mail, postage prepaid, upon:

Kevin Riechelson, Esquire
Law Offices of Kamensky Cohen Riechelson
194 South Broad Street
Trenton, NJ 08608
*Attorneys for Plaintiffs*

SALMON RICCHEZZA SINGER & TURCHI, LLP


By: _/s/ *Dawn Jennings*_____
     Dawn L. Jennings

Dated: April 12, 2019

# EXHIBIT "A"

Law Offices Of
**KAMENSKY ♦ COHEN & RIECHELSON**
194 South Broad Street
Trenton, New Jersey 08608
(609) 394-8585
Attorneys For Plaintiff

| | |
|---|---|
| DATARAM NARAIN, SHELLY NARAIN AND KATELYN NARAIN<br><br>Plaintiff,<br><br>vs.<br><br>OLIVER RHODEN, NEW PRIME, INC., JOHN DOES 1-5 AND JOHN DOES 6-10<br><br>Defendant, | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION – BERGEN COUNTY**<br><br>**DOCKET NO.:**<br><br><u>**Civil Action**</u><br><br>**COMPLAINT AND JURY DEMAND** |

<u>COUNT ONE</u>

The Plaintiffs, Dataram Narain, Shelly Narain and Katelyn Narain, residing at 198 Devonshire Court, Madison Connecticut, by way of Complaint against the Defendants, say:

1. The Plaintiffs, Dataram Narain, Shelly Narain and Katelyn Narain, at all times hereinafter mentioned, were the driver and/or occupants of a motor vehicle that was traveling in the center lane of Interstate 287 South at or near mile marker 58, in Bergen County, New Jersey.

2. The Defendant, Oliver Rhoden, residing at 1514 Bear Brook Drive, Charlotte, NC 28214, at all times hereinafter mentioned, and upon information and belief, was the operator of a truck that was traveling south on Interstate 287 in the right lane near mile marker 58 in Bergen County, New Jersey, and was operating said vehicle in the course and scope of his employment and/or as an employee, agent servant or workman of New Prime, Inc. and/or John Does 6-10.

3. John Does 1-5, are unknown individuals, who, upon information and belief, was/were the operator of a truck that was traveling south on Interstate 287 in the right lane near mile marker 58 in Bergen County, New Jersey and was operating said vehicle in the course and scope of his employment and/or as an employee, agent servant or workman of New Prime, Inc. and/or John Does 6-10.

4. The Defendant, New Prime, Inc., a corporation located at 2740 N. Mayfair, Springfield, MO 65803, at all times material hereto, was the owner of the vehicle being operated by Oliver Rhoden and/or John Does 1-5, who were operating the vehicle in the course and scope of their employment with New Prime, Inc., and who is vicariously liable for the acts or omissions of its agent, servant, employee or workman in the operation of said vehicle.

5. John Does 6-10, are corporations and/or other business entities, who were the owners of the vehicle that was operated by Oliver Rhoden and/or John Does 1-5, in the course and scope of their employment, and who is vicariously liable for the acts or omissions of its agent, servant, employee or workman in the operation of said vehicle.

6. On or about March 17, 2017, the vehicle being operated by Oliver Rhoden and/or John Does 1-5, in the course and scope of employment with New Prime, Inc. and/or John Does 6-10, was traveling in the right lane of Interstate 287 south, when suddenly, and without warning, the vehicle changed lanes to the center lane of Interstate 287 south, where plaintiffs' vehicle was traveling, and struck the rear end of plaintiffs' vehicle causing plaintiffs' vehicle to lose control, strike the center barrier, and then strike the defendants' vehicle.

7. As a result of the collision of Defendants' vehicle with Plaintiffs' vehicle, and the subsequent impacts, Plaintiffs were injured.

8. The above-referenced motor vehicle collision was caused by the carelessness and negligence of the defendants in the following manner:

    (a) operation of the Defendants' motor vehicle at a high and excessive rate of speed under the circumstances;

    (b) failure to have Defendants' motor vehicle under proper and adequate control under the circumstances;

    (c) changing lanes when it was not safe to do so;

    (d) failure to maintain a proper lookout for other vehicles;

    (e) failure to have due regard for the point and position of other vehicles on the highway;

    (f) violation of the statutes of the State of New Jersey and local ordinances;

    (g) otherwise failing to exercise due care under the circumstances;

    (h) such other acts of carelessness and negligence as will appear in the course of discovery to be conducted pursuant to the New Jersey Rules of Civil Procedure at the time of trial in this case.

9. As a result of Defendants' negligence and carelessness, the Plaintiffs were caused to sustain injuries in and about their bodies, and extremities, which injuries are or may be serious, severe, and permanent within a reasonable degree of medical certainty, and which injuries may include mental anguish; Plaintiffs have been and may continue to be prevented from attending to their usual activities, duties, and occupations.

10. As a result of the Defendants' negligence, Plaintiffs have and may continue to suffer great physical pain and mental anguish.

11. As a result of the Defendants' negligence, Plaintiffs have incurred and may continue to incur various medical expenses in and about an effort to cure Plaintiffs of the aforesaid injuries, and have outstanding medical bills that have not been paid and remain outstanding.

**WHEREFORE**, Plaintiffs, Dataram Narain, Shelly Narain and Katelyn Narain, demand judgment against the Defendants for compensatory damages, together with interest and costs of suit on this Complaint.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiffs demand a trial by jury of six persons on this Complaint.

## DESIGNATION OF TRIAL COUNSEL

KEVIN S. RIECHELSON, ESQUIRE, is hereby designated as trial counsel in the within matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs hereby demand that defendants provide answers to NJ Standard Interrogatories, Form C and C1 within the time prescribed by the New Jersey Rules of Civil Procedure.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Plaintiffs hereby demand that defendant produce copies of any and all records identified in their answers to NJ form C and C1 Interrogatories, as well as any documents defendants intend to introduce at the time of trial, within the same time prescribed by the NJ Rules of Civil Procedure regarding answers to Interrogatories. Plaintiffs reserve the right to object to the introduction of any document not produced in discovery being introduced at the time of trial.

## CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES

I certify in accordance with Rule 4:5-1 that there are no other proceedings, either pending or contemplated, with respect to the matter in controversy in this action, and that there are no other parties who should be joined in the action to the best of my knowledge, information, and belief.

KAMENSKY ♦ COHEN & RIECHELSON

By: _____
KEVIN S. RIECHELSON, ESQUIRE
Attorney for Plaintiffs

Dated: _____, 2019

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-001620-19

**Case Caption:** NARAIN DATARAM VS RHODEN OLIVER
**Case Initiation Date:** 03/04/2019
**Attorney Name:** KEVIN S RIECHELSON
**Firm Name:** KAMENSKY COHEN & RIECHELSON
**Address:** 194 S BROAD ST
TRENTON NJ 08608
**Phone:**
**Name of Party:** PLAINTIFF : NARAIN, DATARAM
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/04/2019 /s/ KEVIN S RIECHELSON
Dated Signed